IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charleston Aluminum, LLC, | ) | C/A No.: 3:10-1140-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER COMPELLING DISCOVERY |
| Commercial Metals Company d/b/a | ) | |
| CMC Commonwealth Metals, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on the motion of Plaintiff Charleston Aluminum, LLC to compel responses to its second set of interrogatories and first requests for production. The motion indicates that Plaintiff has attempted to contact Defendant's counsel to resolve the issue of the unanswered discovery without court action, as required by Rule 37 of the Federal Rules of Civil Procedure, but that such consultation was unsuccessful.

This suit concerns the sale of aluminum material between Plaintiff and a New Jersey branch of Defendant, which is no longer in existence. In its written discovery, Plaintiff seeks to discover information concerning the standards and practices of Defendant, including its various branch offices and/or affiliates, which relate to the manufacture, sale, and distribution of different materials, including steel and aluminum. Defendant's primary contention in opposition to Plaintiff's motion is that Plaintiff's request is overly broad. Defendant argues that this case is merely about the sale of aluminum products between Plaintiff and a New Jersey branch of Defendant; therefore, it contends that Plaintiff's attempt to obtain discovery

related to the quality assurances, customer complaints, and other quality control issues related to the 220 business entities affiliated with Defendant worldwide is irrelevant to this case and an attempt to drum up an Unfair Trade Practices Act claim. At the hearing before this court, Defendant did disclose the existence of a warehouse of documents associated with the operations of Defendant's New Jersey branch, with whom Plaintiff dealt.

After considering the parties' briefs and oral arguments, the court grants Plaintiff's motion to compel in part and denies it in part. The court finds that the documents located in the New Jersey warehouse are relevant to Plaintiff's claims and orders Defendant to respond to Plaintiff's discovery requests based on the information and documents located in that warehouse. Beyond that information, the court finds that Plaintiff's other requests are not discoverable, as Plaintiff has not sufficiently shown how Defendant's steel mills or other branch office's operations are relevant to its case. Should Defendant's responses to Plaintiff's discovery requests reveal information that better connects Defendant's other branches or affiliates to the specifics of Plaintiff's case, the court would be receptive to a renewed motion to compel. Until that time, Defendant is ordered to respond to Plaintiff's written discovery using the documents and other information found in the New Jersey warehouse, as well as any other relevant information it becomes aware of, within two months from the issuance of this order.

IT IS SO ORDERED.

December 20, 2010                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge